IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| **ANGELA TEASLEY,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**HAMILTON HEALTH CARE SYSTEM, INC.,**<br><br>**Defendant.** | Civil Action No. _____ |

# COMPLAINT

Plaintiff Angela Teasley herein asserts claims against Defendant Hamilton Health Care System, Inc., for unpaid overtime wages and FLSA retaliation, showing the Court as follows:

**INTRODUCTION**

1. In this Fair Labor Standards Act action, 29 U.S.C. § 201 *et seq*., Plaintiff seeks to recover unpaid overtime wages from her former employer. She additionally brings a claim for retaliation in violation of 29 U.S.C. 215(a)(3).

2. Defendant operates two apartment complexes—Whitfield Commons and Whitefield Place—for seniors and handicapped people living on lower fixed incomes in Dalton, Georgia.

3. Plaintiff—a 26-year employee of Hamilton Health Care System—worked during her final four years as a Resident Services Coordinator at both Whitfield Commons and Whitfield Place. Throughout her time as Resident Services Coordinator, Plaintiff regularly worked far in excess of 40 hours per week. However, throughout much of her employment, she was not paid at one-and-one-half times her regular hourly rate for the hours she worked over 40 per week. And through part of her employment, she received some overtime premiums, but not for all the overtime hours she worked.

4. Plaintiff now seeks to recover her unpaid overtime wages and additionally seeks to recover the damages she sustained after her employment was terminated in retaliation for opposing Defendant's violations of the Fair Labor Standards Act.

**JURISDICTION AND VENUE**

5. The jurisdiction of this Court is proper pursuant to Article III, § 2 of the United States Constitution, 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, as this case arises under the FLSA, a federal statute that affects interstate commerce.

6. Hamilton Health Care System, Inc. ("Hamilton") is a domestic non-profit corporation existing under the laws of the State of Georgia.

7. Hamilton may be served with process via service on its registered agent for service, Savannah B. Moore, at 1200 Memorial Dr., Dalton, Whitfield County, Georgia 30720.

8. This Court has personal jurisdiction over Hamilton.

9. Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendant regularly conducts business in this judicial district, a substantial portion of the events giving rise to the claims herein arose in this judicial district, and Defendant resides in this judicial district.

**EMPLOYMENT RELATIONSHIP**

10. Plaintiff worked for Hamilton as a Resident Services Coordinator at its Whitfield Commons and Whitefield Place properties from approximately 2016 through June 16, 2020, the date of her termination.

11. As a Resident Services Coordinator, Plaintiff was responsible for collecting rent from residents, maintaining HUD compliance by processing resident recertifications, assisting tenants with moving in and out, making arrangements for refurbishing vacant units, coordinating maintenance of units, informing residents of updates to HUD policies, processing HUD vouchers, and planning entertainment and informational programs for residents, among other things.

12. At all relevant times, Plaintiff was an "employee" of Hamilton within the meaning of 29 U.S.C. § 203(e)(1).

**ENTERPRISE COVERAGE UNDER THE FLSA**

13. Throughout Plaintiff's employment, employees of Hamilton used, *inter alia*, the following goods or materials that moved through commerce for its business purpose: computers, phones, and vehicles.

14. During 2020, Hamilton had two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

15. During 2020, Hamilton had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

16. During 2020, Hamilton had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

17. During 2020, Hamilton was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1).

18. During 2019, Hamilton had two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

19. During 2019, Hamilton had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

20. During 2019, Hamilton had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

21. During 2019, Hamilton was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1).

22. During 2018, Hamilton had two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

23. During 2018, Hamilton had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

24. During 2018, Hamilton had have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

25. During 2018, Hamilton was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1).

**OVERTIME VIOLATION**

26. Throughout her employment during the three years prior to the filing of this action, Plaintiff regularly worked in excess of 40 hours per week.

27. During portions of this time period—when she worked on a salary basis—Plaintiff received no overtime premiums for hours worked over 40 per week.

28. During other portions of this time period—when she worked on an hourly basis—Plaintiff received some but not all overtime premiums for hours worked over 40 per week.

29. Plaintiff's on-call hours—which were outside her scheduled 40-hour workweek—were regularly undercompensated and Plaintiff was frequently required to underreport her hours worked to avoid recording more than 40 hours per week worked.

**RETALIATION**

30. As of three years prior to the filing of this action, Plaintiff was compensated by Hamilton on an hourly basis.

31. Beginning around September 2018, when Plaintiff's immediate supervisor retired, her workload increased significantly and Defendant changed Plaintiff's basis of pay to salary.

32. In April 2020, Plaintiff was changed back to hourly pay and was instructed by her new supervisor, Angela Baker, that she could not earn overtime, but that she was still to be on-call and work outside her scheduled 40-hour workweek.

33. In approximately June 2020, Plaintiff complained to Hamilton's HR department that she was not being paid for all hours worked—especially hours worked on call—and that she was not receiving time-and-a-half payments for her required work over 40 hours per week.

34. Immediately after making this complaint, Baker suspended Plaintiff for five days pending a purported "investigation."

35. After five days, Baker terminated Plaintiff's employment, falsely claiming that Plaintiff had committed "gross misconduct."

36. Baker never informed Plaintiff of the factual basis of the purported gross misconduct.

37. In reality, Plaintiff did not commit any misconduct, but was terminated in retaliation for making a complaint regarding Defendant's violation of the Fair Labor Standards Act.

## COUNT I
### FAILURE TO PAY OVERTIME WAGES PURSUANT TO 29 U.S.C. § 207 AGAINST ALL DEFENDANTS

38. At all relevant times, Plaintiff was an employee covered by the FLSA and entitled to the maximum hour (i.e., overtime) wage protections set forth in 29 U.S.C. § 207.

39. Throughout her employment, Plaintiff worked for Hamilton on a full-time basis.

40. During a large majority of workweeks, Plaintiff worked for Hamilton in excess of 40 hours per week.

41. From the first pay date occurring in the three years prior to the filing of this action through the end of her employment, Plaintiff earned but did not receive all her earned overtime wages from Hamilton.

42. During the period in which she was purportedly "salaried" Plaintiff received no overtime wages at all.

43. During the period in which Plaintiff was paid hourly, Plaintiff did not receive premiums for all overtime hours worked.

44. Plaintiff is entitled to payment of all due but unpaid overtime wages in an amount to be determined at trial, in accordance with 29 U.S.C. § 216(b).

45. As a result of the underpayment of overtime wages as alleged above, Plaintiff is entitled to liquidated damages in an amount equal to her unpaid minimum wages in accordance with 29 U.S.C. § 216(b).

46. As a result of the underpayment of minimum wages as alleged above, Defendants are liable to Plaintiff for his litigation costs, including her reasonable attorney's fees, in accordance with 29 U.S.C. § 216(b).

## COUNT II
### RETALIATION IN VIOLATION OF 29 U.S.C. § 215(A)(3)

47. By complaining to Defendant about violations of the FLSA's overtime requirements, Plaintiff undertook activities protected under 29 U.S.C. § 215(a)(3).

48. Defendant discriminated against Plaintiff in connection with her employment by terminating her employment because of her complaint.

49. As a result of Defendant's discriminatory acts, Plaintiff suffered and continues to suffer reduced loss of income due to her unemployment.

50. Plaintiff is entitled to recover her lost income that resulted from Defendants' discriminatory actions, liquidated damages in the same amount, prejudgment interest to the extent that liquidated damages are not awarded, nominal damages, reinstatement, and her costs of litigation, including reasonable attorney's fees, pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays that the Court:

(a)   Take jurisdiction of this matter;

(b)   Grant a trial by jury as to all matters properly triable to a jury;

(c)   Issue a judgment declaring that Plaintiff is an employee covered by the FLSA, and that Defendant has failed to comply with the maximum hour requirements of the FLSA;

(d)   Award Plaintiff all due but unpaid overtime wages and liquidated damages in the same amount;

(e)   Award Plaintiff prejudgment interest on all amounts owed to the extent that liquidated damages are not awarded;

(f)   Award Plaintiff nominal damages;

(g)   Grant Plaintiff reinstatement to her former position;

(h)   Award Plaintiff her lost income resulting from Defendant's retaliation and liquidated damages in an equal amount;

(i)   Award Plaintiff her costs of litigation including reasonable attorney's fees pursuant to 29 U.S.C. § 216(b); and

(j)   Award any and such other further relief this Court deems just, equitable and proper.

This 7th day of April 2021,

        Respectfully submitted,

        **DELONG, CALDWELL, BRIDGERS,**
        **FITZPATRICK & BENJAMIN, LLC**

        *s/ Matthew W. Herrington*

101 Marietta Street      Charles R. Bridgers
Suite 2650                Georgia Bar No. 080791
Atlanta, Georgia 30303    Matthew W. Herrington
(404) 979-3171           Georgia Bar No. 275411
(404) 979-3170 (f)
charlesbridgers@dcbflegal.com   Counsel for Plaintiff
matthew.herrington@dcbflegal.com